UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lutheran Lake,

      Plaintiff,

v.

      **MEMORANDUM OPINION AND ORDER**
Civ. No. 12-3186 ADM/SER

Honeywell International,

      Defendant.

_____

Lutheran Lake, pro se.

Leah S. Freed, Esq., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Phoenix, AZ; Ashley A. Wenger, Esq., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Minneapolis, MN, on behalf of Defendant.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge on Defendant Honeywell International's ("Honeywell") Motion to Dismiss Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [Docket No. 21].  For the reasons set forth herein, Honeywell's motion to dismiss is granted, and the case is dismissed without prejudice.

## II.  BACKGROUND

On December 26, 2012, Plaintiff Lutheran Lake filed a Complaint alleging wrongful termination based on race by his former employer, Honeywell.  Compl. [Docket No. 1] ¶¶ 13-19.

Lake filed this action pro se.  On February 25, 2013, Magistrate Judge Steven E. Rau sent Lake a letter encouraging him to contact the Federal Bar Association's Pro Se Project, a program for legal representation with volunteer counsel.  Letter to Lake, Feb. 25, 2012 [Docket No. 17]. The letter also warned that if Lake continued to appear pro se he was nevertheless required to

comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Minnesota. Id.

Filing the complaint has been Lake's only documented action in this litigation. The Court received no response to Judge Rau's letter. Lake did not meet and confer with Honeywell to file a joint Rule 26(f) report. Def.'s Rule 26(f) Report [Docket No. 13].

On January 30, 2013, Judge Rau issued a Notice of Pretrial Scheduling Conference [Docket No. 10], which included the date, time, and place of the conference. The second paragraph warns, "[f]ailure of any party . . . to comply with any part of this Order . . . may result in the postponement of the pretrial conference, an imposition of an appropriate sanction on the party, . . . or both." Id. The scheduling conference was originally scheduled for February 26, 2013. Id. It was rescheduled twice and eventually held on April 10, 2013. Not. Resetting Hr'g, Feb. 25, 2013 [Docket No. 16]; Not. Resetting Hr'g, Mar. 28, 2013 [Docket No. 18]. Lake did not appear at the pretrial scheduling conference as required by Fed. R. Civ. P. 16. Mins. Pretrial Scheduling Conf., Apr. 10, 2013 [Docket No. 20]. Judge Rau then issued the Pretrial Schedule Order [Docket No. 19], which stated that all Rule 26(a)(1) pre-discovery disclosures should be completed on or before April 23, 2013.

After Lake did not attend the scheduling conference and made no pre-discovery disclosures, on May 17, 2013, Honeywell filed its Motion to Dismiss. Honeywell later requested its motion be decided without oral argument. Not. of No Reply to Mot. [Docket No. 25] 1.

Honeywell avers it made numerous attempts to contact Lake, all of which were unsuccessful. Def.'s Mem. in Supp. of Mot. to Dismiss [Docket No. 23] 2. Honeywell has provided sworn affidavits of service for the initial Rule 26(a)(1) disclosures and for its first discovery requests. Freed Decl. [Docket No. 24] Exs. B, C. Both the discovery requests and

motion to dismiss service were returned as undeliverable. Not. of No Reply to Mot. 1. The returned envelope states: "Return to Sender . . . Vacant . . . Unable to Forward . . ." See id. Ex. A. Additionally, Honeywell avers it made numerous unsuccessful efforts to reach Lake by telephone. Def.'s Mem. 2. Lake has not provided the Court or Honeywell with any updated contact information.

Honeywell contends that dismissal is appropriate because it is being forced to "continue expending resources" when the record indicates that Lake has abandoned his case. Def.'s Mem. 6. Honeywell also suggests that lesser sanctions, such as an order compelling discovery or extending discovery deadlines, would prove futile. Id. at 5. On that basis, Honeywell urges the Court to dismiss Lake's case with prejudice for failure to prosecute. In the alternative, Honeywell asks that Lake be sanctioned pursuant to Fed. R. Civ. P. 16(f) and 37(b).

### III. DISCUSSION

**A. Dismissal Standard**

The Federal Rules state, "when a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) "operates as an adjudication on the merits," unless the dismissal order provides otherwise.

It is settled doctrine that pro se pleadings are to be construed liberally. Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1988) (citing Faretta v. California, 422 U.S. 806, 834, 835 n.46 (1975)). And, the Court is directed to provide plaintiffs with "reasonable notice of what is expected of them," and warn them of the consequences of failing to comply with court orders. Farnsworth v. City of Kansas City, Mo., 863 F.2d 33, 34 (8th Cir. 1988); but see Rogers v. Curators of Univ. of Mo., 135 F.3d 1216, 1221 (8th Cir. 1998) (declining to hold that notice is

required to dismiss under Rule 41(b)).  Even so, pro se litigants are not excused from complying with court orders or procedural law.  Farnsworth, 863 F.2d at 34.

### 1. Failure to Prosecute

In ruling on a motion to dismiss for failure to prosecute, the Court uses its discretion to determine if the length of the delay justifies dismissal.  Link v. Wabash R.R. Co., 370 U.S. 626, 634-35 (1962).  The length of delay does not operate like a statute of limitations; there is no threshold that, once passed, commands dismissal; instead, the Court considers the entire procedural history to decide whether dismissal is appropriate.  Id.; compare Grunewald v. Mo. Pac. R.R. Co., 331 F.2d 983, 987 (8th Cir. 1964) (affirming dismissal with prejudice after 17 months of delay), with Braxton v. Bi-State Dev. Agency, 728 F. 2d 1105, 1107 (8th Cir. 1984) (affirming dismissal without prejudice after fifteen months delay).

The movant has the burden to come forward with facts showing delay by the plaintiff.  Boyle v. Am. Auto Serv., Inc., 571 F.3d 734, 739 (8th Cir. 2009) (citing Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir. 1980)).  Meeting this burden will "rarely be difficult" as evidence of delay is usually clear from the motion papers.  Id.  Once the movant shows that the plaintiff caused a delay, the burden then shifts to the plaintiff to provide an excuse, explanation, or justification for the delay.  Id.

"In our judicial system, many delays are of an acceptable duration; others, though lengthy, may be unavoidable."  Nealey, 662 F.2d at 1280.  Based on the plaintiff's explanation for the delay, the court looks at whether the delay has prejudiced the defendant.  Boyle, 571 F.3d at 739.  "Only unreasonable delays will support a dismissal for lack of prosecution, and unreasonableness is not inherent in every lapse of time."  Id.  Additionally, the mere fact that the delay occurred does not "create a presumption of prejudice" against the defendant.  Id.  But, "if

the plaintiff proffers no pleading or presents no proof on the issue of reasonableness, the defendant wins." Id.

### 2. Failure to Comply

Rule 41(b) also gives the Court authority to dismiss an action for failure to comply with any order of the court. First Gen. Res. Co. v. Elton Leather Corp., 958 F.2d 204, 206 (8th Cir. 1992) (per curiam). This includes failure to comply with Federal Rules of Civil Procedure and Local Rules. Henderson v. Renaissance Grand Hotel, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam); Burgs, 745 F.2d at 528 (affirming dismissal for violation of local rules). A plaintiff's failure to move the case forward, comply with court orders in a timely manner, and communicate with the defendant shows failure to prosecute. Henderson, 267 F. App'x at 497; see Patzlaff v. United States, No. 04-4213, 2005 WL 1183202, at *2 (D.S.D. May 18, 2005) (failure to keep the Court informed of address changes can run afoul of Rule 41(b)).

Courts are vested with the authority to manage their own calendars, to achieve "the orderly and expeditious disposition of cases." Link, 370 U.S. at 630-1, 631 n. 4 (citing additional authority). In Burgs, the Eighth Circuit affirmed a Rule 41 dismissal based on the plaintiff's "lack of diligence in pursuing his suit" and failure to comply with court orders. 745 F.2d at 528 (the district court had given the plaintiff three opportunities to comply with the court's order and forewarned the plaintiff that failure to comply could result in dismissal). Id.

**B. Lake's Failure to Prosecute**

Since filing his Complaint, Lake has been entirely unresponsive to the litigation process. This action was filed on December 26, 2012, and Honeywell filed its motion to dismiss on May 17, 2013. Although only five months have passed, Lake has not taken a single action since filing the Complaint. First, Lake failed to meet to discuss settlement and scheduling with defense

counsel.  Second, Lake failed to submit a discovery plan to the Court.  Third, Lake failed to appear at the pretrial hearing.  Fourth, Lake failed to serve initial disclosures.  Finally, Lake has not replied to Honeywell's motion to dismiss.  These instances indicate a complete and total disengagement from the litigation of his case.

In this case, Lake's inaction is ample proof of unreasonable delay for which he has offered no explanation.  Consequently, Honeywell's motion to dismiss is granted.

**C.  Lake's Failure to Comply**

Judge Rau notified Lake on multiple occasions of his responsibilities, as well as the consequences for failing to meet them.  In Judge Rau's letter referring Lake to the Pro Se Project, he expressly stated that Lake needed to comply with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Minnesota.  In the Notice of Pretrial Scheduling Conference, Judge Rau also informed Lake that failure to comply with the Court's Order could result in sanctions.  After Lake missed the scheduling conference, Judge Rau issued the Pretrial Scheduling Order, which stated that all pre-discovery initial disclosures must be completed by April 23, 2013.  Finally, Lake has failed to keep the Court apprised of his contact information.  Considering the case's entire procedural history, Lake's failure to comply with local rules and court orders is grounds to grant Honeywell's motion to dismiss.

**D.  Prejudice**

"Dismissal with prejudice for failure to prosecute is a drastic sanction which should be sparingly exercised."  Navarro v. Chief of Police, 523 F.2d 214, 217 (8th Cir. 1975) (internal quotations omitted).  Before resorting to dismissal with prejudice, the Court should first consider a wide range of lesser sanctions.  Id. (citing 9 Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 2369 (Thomson West, 3rd ed. 2008)).  Accordingly, a dismissal with prejudice is appropriate only when there exists a "clear record of delay or contumacious conduct by the plaintiff, or upon a serious showing of willful default."  Id.; see also Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005).

There is no evidence that Lake's conduct is egregious, willful, or intentionally disobedient.  He has simply not communicated or participated in the litigation.  If Lake attempts to refile his lawsuit, he will need to explain his failure to proceed in this case.  Dismissal without prejudice is appropriate here.

**E.  Rule 37 Sanctions**

Honeywell asks that this Court impose sanctions on Lake as allowed by Fed. R. Civ. P. 16(f) and 37(b).  Rule 37(b)(2) gives the Court authority to strike pleadings, dismiss the action, or render a default judgment against the party who disobeys a discovery order.  See Martin v. Daimler Chrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001).  In this case, further sanctions under Rule 16(f) and 37(b) are unnecessary.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Honeywell's Motion to Dismiss [Docket No.21] is **GRANTED**.

2. Lake's claims are **DISMISSED WITHOUT PREJUDICE**.

3. No sanctions are imposed pursuant to Rule 37(b) and 16(f).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                            BY THE COURT:


                                            s/Ann D. Montgomery
                                            ANN D. MONTGOMERY
                                            U.S. DISTRICT JUDGE

Dated:  July 24, 2013.